**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR12-01793-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Muhammed Hussain Muhammed, et al., | |
| Defendants. | |

At a status conference on September 4, 2013, the Court heard argument on Defendant Cobb's motion to unseal the affidavit in support of search warrant 12-mb-10519-SPL (Doc. 281) and Defendant Bush's joinder in that motion (Doc. 292). The Court took the motion and joinder under advisement.

As the Ninth Circuit recognized in *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006), a defendant's right to test the validity of a search warrant, although important, does not create an unqualified right to access information about confidential informants. The defendant's interest must be balanced against "the government's interest in maintaining integrity of ongoing criminal investigations and ensuring the safety of the informant." *Id*.

The government has produced to Defendants a redacted version of the October 24, 2012 affidavit by Special Agent Sonnendecker used to support the search warrant at issue in this motion. Doc. 281-2 at 9-81. Defendants contend that the redacted affidavit does not contain enough facts to establish probable cause for the search of their homes and

vehicles, and that production of the full affidavit should be required so they can show a lack of probable cause and move to suppress the results of the search.

The redacted affidavit contains facts regarding bank accounts maintained by Defendants Cobb and Bush, including the fact that the accounts included significant cash transactions at times when other public records showed no sources of income for these Defendants. The redacted affidavit alleges that these accounts were used to launder money obtained from the drug trafficking organization ("DTO") and the robbery crew identified in the affidavit. It also provides facts showing associations between Defendants Cobb and Bush, and between them and other individuals alleged to be involved in the DTO and the robbery crew. But other than these associations and the presence of Defendant Bush in the vicinity of a murder described in the affidavit, the redacted affidavit does not provide facts that link Defendants Cobb and Bush to the DTO or the robbery crew.[1]

In *Napier*, the Ninth Circuit approved the actions of the district court in suggesting that it hold an *ex parte*, *in camera* hearing at which the court could consider evidence from the government addressed to concerns raised by the defendant. The defendant in *Napier* refused to agree to such a hearing, but the Ninth Circuit recognized its value:

> "The *in camera* procedure provides an equally-acceptable accommodation of the competing interests of the Government and the accused in the situation presented here . . . . Through disclosure of the informer's identity to the trial judge, and such subsequent inquiries by the judge as may be necessary, the Government can be protected from any significant, unnecessary impairment of necessary secrecy, yet the defendant can be saved from what could be serious police misconduct."

436 F.3d at 1138 (quoting *United States v. Kiser*, 716 F.2d 1268, 1273 (9th Cir. 1983)).

---

[1] For purposes of this order, the Court has not considered the text message allegedly sent by Defendant Young to Defendant Cobb. Counsel for Defendant Cobb argued persuasively at the status conference that the government is mistaken as to the identity of individuals contained in the photograph transmitted with the text message and as to the meaning of the text message itself.

- 2 -

1    In light of this statement in *Napier*, the Court suggested at the September 4, 2013 status conference that it could review the unredacted affidavit *in camera* to see if it provided a link between Defendants Cobb and Bush and the DTO and robbery crew sufficient to establish probable cause. Defense counsel agreed.[2]

5    Shortly after the status conference, the government delivered to the Court's chambers an unredacted copy of the October 24, 2012 affidavit by Special Agent Sonnendecker. The Court has reviewed the full affidavit, and finds that it provides facts that directly link Defendants Cobb and Bush to the DTO and the robbery crew. When considered in its unredacted form, the Court finds that the affidavit establishes probable cause, defined by the Supreme Court as "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

12   The Court concludes that *in camera* review of the unredacted affidavit has provided an "acceptable accommodation of the competing interests of the Government and the accused in the situation presented here." *Napier*, 436 F.3d at 1138. As a result, and based on its conclusion that the full affidavit establishes probable cause for the search warrant, the Court will deny Defendant Cobb's motion to unseal the affidavit and Defendant Bush's joinder in the motion.

18   **IT IS ORDERED** that the motion to unseal (Doc. 281) is **denied**.

19   Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 7/18/2013.

20   Dated this 5th day of September, 2013.

_____
David G. Campbell
United States District Judge

---

[2] Counsel for Defendant Cobb stated at the conference that he recently has obtained information that leads him to believe a *Franks* hearing is necessary – information suggesting that agents may not have been fully forthcoming with the judge who authorized the search warrant. Counsel suggested that a more complete hearing may be needed for such a motion. The Court stated that it would resolve the present motion solely on the arguments made in the briefs – that the affidavit fails to establish probable cause – and that defense counsel could file a *Franks* motion and request a hearing in connection with the motion if warranted.

- 3 -