WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-12-01793-002-PHX-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Daris Laron Bush, | |
| Defendant. | |

Defendant Daris Bush is an inmate with the Federal Bureau of Prisons ("BOP"). He has filed a motion for compassionate release under 18 U.S.C. § 3582(c). Doc. 932. The motion is fully briefed. Docs. 936, 940-42. For reasons stated below, the Court will deny the motion.

**I.   Background.**

On May 27, 2014, Defendant received a 13-year sentence after pleading guilty to using a firearm during a drug trafficking crime resulting in death. Docs. 727, 732. He is confined at the federal correctional institution in Phoenix, Arizona ("FCI Phoenix"). *See* Federal BOP, https://www.bop.gov/inmateloc/ (last visited Mar. 24, 2022). His earliest projected release date is November 20, 2023. *See id.*; Docs. 932 at 14, 940 at 5.

Defendant asked the warden at FCI Phoenix for compassionate release in February 2021. Doc. 932 at 8. The request was denied on March 3, 2021. *Id.* at 9.

Defendant moves for compassionate release due to the COVID-19 pandemic and his age and medical conditions. Doc. 932 at 2. The Federal Public Defender's Office has filed a notice stating that there is no basis for appointment of counsel. Doc. 933. The government has filed a response opposing the motion. Doc. 940.

**II.    Compassionate Release Under 18 U.S.C. § 3582(c) and the First Step Act.**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018 ("FSA"). Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020). Section 3582(c) previously provided for compassionate release only upon motion of the BOP. *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020). As amended by the FSA, § 3582(c) now permits motions for compassionate release by defendants. *See id.*

A defendant may bring a motion under § 3582(c) only after (1) requesting the BOP to make such a motion on his behalf, and (2) exhausting all administrative appeals after the BOP has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier. § 3582(c)(1)(A); *see United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) ("Joining the unanimous consensus of our sister circuits, we hold that § 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced[.]"). The amended version of § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that they are applicable, if it finds that –

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

### III.  Defendant's Motion.

The burden rests with Defendant "to provide proof that [he] has met the exhaustion criteria set forth in § 3582(c)(1)(A) and to establish that 'extraordinary and compelling reasons exist' to warrant [his] release." *United States v. Packard*, No. 19CR3886-H, 2021 WL 4751173, at *2 (S.D. Cal. Oct. 12, 2021).  Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement because he filed the present motion more than 30 days after he submitted his request to the warden at FCI Phoenix.  *See* Docs. 932 at 8, 940 at 5.

Defendant seeks compassionate release under § 3582(c)(1)(A) due to the ongoing COVID-19 pandemic, his age (38 years old), and medical conditions – hypertension, asthma, and nerve damage.  Doc. 932 at 2.  The government argues that Defendant has not shown extraordinary and compelling reasons, the sentencing factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of early release, and he is a danger to the community.  Doc. 940 at 2, 10-17.  The Court agrees with the government.

#### A.  Defendant Has Not Shown Extraordinary and Compelling Reasons.

Section 3582(c) does not define "extraordinary and compelling reasons," and there is no policy statement that applies to § 3582(c)(1)(A) motions filed by defendants. The Sentencing Commission's policy statements in U.S.S.G § 1B1.13 – which apply to § 3582(c)(1)(A) motions filed by the BOP – "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021); *see United States v. Trujillo*, No. CR-08-00001-001-PHX-GMS, 2022 WL 742730, at *1 (D. Ariz. Mar. 11, 2022) (same); *see also United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *5 (D. Ariz. June 8, 2020) ("While the current policy statement may not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i), it does provide helpful guidance.").  The

3

Sentencing Commission has identified four circumstances that may qualify for compassionate release under § 3582(c)(1)(A): serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).

The following medical conditions can constitute extraordinary and compelling reasons justifying compassionate release:

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)[.]

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

§ 1B1.13, application note 1(A).

### 1. Defendant's Medical Conditions.

BOP medical records show that Defendant suffers from hypertension and nerve pain, but not asthma. Doc. 932 at 11; *see* Doc. 933 at 3 (noting that the medical records Defendant submitted "do not support [the] assertion [of asthma], and in any event the CDC only considers 'moderate to severe' asthma to pose an increased risk of severe complications"). The CDC has not identified nerve pain as a potential risk factor for COVID-19. *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 25 2022). Defendant's nerve pain and alleged asthma do not constitute extraordinary and compelling reasons warranting compassionate release.

The CDC has found that hypertension – blood pressure above 130/80 mmHg – "*possibly* . . . can make [a person] more likely to get severely ill from COVID-19." CDC,

*People with Certain Medical Conditions*; *see also* CDC, *Clinical Questions about COVID-19: Questions and Answers*, https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html ("[P]eople whose only underlying medical condition is hypertension might be at increased risk for severe illness from COVID-19.") (last visited Mar. 25, 2022; emphasis added). But "many courts have found that a hypertension diagnosis alone is not sufficient to show extraordinary and compelling circumstances, especially if the condition is well managed." *United States v. Green*, No. 17-20822, 2020 WL 6144556, at *4 (E.D. Mich. Oct. 20, 2020) (collecting cases); *see United States v. Wilfred*, No. CR 07-351, 2020 WL 4365531, at *4 (E.D. La. July 30, 2020) ("[C]ourts have found that hypertension does not amount to an extraordinary or compelling reason for release.") (citations omitted); *United States v. Jacobs*, No. CR 5-64, 2020 WL 5704448, at *1 (W.D. Pa. Sept. 24, 2020) ("Courts have indicated that hypertension alone does not generally constitute an extraordinary and compelling circumstance that justifies relief under Section 3582.") (citations omitted); *United States v. Jones*, No. 1:15-cr-00092, 2020 WL 5569824, at *4 (S.D. Ind. Sept. 17, 2020) ("The Court finds, consistent with other district courts, that hypertension and COVID-19 do not qualify as extraordinary and compelling reasons for compassionate release where the defendant does not suffer from other health or age-related risks."). Defendant's hypertension appears to be well managed with medication. *See* Docs. 932 at 11, 942 at 1 (noting that Defendant "is currently taking Lisinopril 10mg Tab daily").

With Defendant's hypertension appearing to be under control, the Court finds that the mere possibility that it could make Defendant more likely to get severely ill from COVID-19 is not an extraordinary and compelling reason for compassionate release. *See United States v. Dabney*, No. 1:17-cr-107-TWP-TAB-01, 2021 WL 429108, at *4 (S.D. Ind. Feb. 5, 2021) (finding no extraordinary and compelling reason because "hypertension is a very common and often medically controlled condition, according to the CDC") (citation omitted); *United States v. Ramirez*, No. CR-11-02322-TUC-RCC, 2020 WL 5576744, at *4 (D. Ariz. Sept. 17, 2020) ("[T]o the extent that hypertension and obesity are risk factors that might increase the likelihood of developing severe illness from

COVID-19, these conditions can presumably be managed with medication, diet, and exercise."); *Wilfred*, 2020 WL 4365531, at *4 ("Wilfred's ongoing receipt of medical attention for his hypertension evidences that he is able to care for his high blood pressure within prison.").

### 2. Defendant's Age.

Compassionate release may be warranted where the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, application note 1(B). Defendant does not satisfy any of these conditions. He is 38 years old, does not claim that his physical or mental health is seriously deteriorating because of the aging process, and has served less than 10 years, or about 72 percent, of his 13-year sentence. *See* Doc. 940 at 5; Federal BOP, *Find an inmate*, https://www.bop.gov/inmateloc/.

At 38 years old, Defendant's "risk for severe illness from COVID-19 is substantially lower than the risk to older adults." *United States v. Brown*, No. CR 17-153(6) ADM/DTS, 2020 WL 6136121, at *2 (D. Minn. Oct. 19, 2020) (citing CDC, *Coronavirus Disease 2019: Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html). The CDC has recognized that "[p]eople 85 and older are the most likely to get very sick." CDC, *COVID-19 Risks and Vaccine Information for Older Adults*. Because Defendant "does not fall within – or even nearly approach – that age bracket, the Court cannot find that he merits compassionate release on this basis." *United States v. Johnson*, No. CR 02-310, 2021 WL 3737681, at *6 (D.D.C. Aug. 24, 2021); *see United States v. Beard*, No. 1:16-CR-00046-NONE, 2021 WL 5054413, at *5 n.4 (E.D. Cal. Nov. 1, 2021) ("Because defendant Beard is only 38 years old, [the] age-related factors are irrelevant to the court's disposition of the pending motion."); *United States v. Malone*, No. 1:15-CR-373-1, 2020 WL 3317240, at *3 n.2 (N.D. Ohio June 18, 2020) ("Malone is 38 years old and does not argue that he suffers from a medical condition that would fall into any of [the age-related] categories[.]"); *United States v. Navarro*, No. CR 2017-0029, 2021

WL 26950, at *3 (D.V.I. Jan. 4, 2021) ("As Defendant concedes, he is neither suffering from a terminal medical condition nor is he elderly – in fact, he is 38 years old. While Defendant has been diagnosed with asymptomatic COVID-19, this Court concludes that Defendant's diagnosis does not qualify as a medical condition warranting release.") (citations omitted); *see also Hix*, 2020 WL 4339900, at *2 (denying compassionate release because the defendant "is only 38 years old and is taking medication to treat his hypertension"); *White*, 2021 WL 4991590, at *3 (W.D. Va. Oct. 27, 2021) (denying compassionate release where the defendant was 38 years old and had hypertension).

### 3. Defendant's COVID-19 Infection and Vaccination.

The Court need not speculate whether Defendant is likely to become severely ill from COVID-19. He contracted the virus in January 2022 and the infection resolved shortly thereafter. *See* Doc. 940-2.[1] While COVID-19 reinfections do occur, the CDC has found that "[a]fter recovering from COVID-19, most individuals will have some protection from repeat infections." CDC, *Reinfections and COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Mar. 24, 2022). Courts in this circuit therefore "have held that 'the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release.'" *United States v. Nash*, No. CR-03-00059-PHX-JAT, 2021 WL 1969729, at *2 (D. Ariz. May 6, 2021) (quoting *United States v. Risley*, No. 1:12-CR-0363 AWI, 2020 WL 4748513, at *6 (E.D. Cal. Aug. 17, 2020)); *see United States v. Purry*, No. 2:14-cr-00332-JAD-VCF-1, 2020 WL 5909793, at *2 (D. Nev. Oct. 6, 2020) (denying compassionate release where the defendant failed to show that he would be "more susceptible to the virus a second time"). The Court finds that the chance of a COVID-19 reinfection "simply does not meet the bar for an extraordinary and compelling reason warranting release." *United States v. Ieremia*, No. 16-CR-00744-DKW, 2021 WL 67313, at *4 (D. Haw. Jan. 7, 2021); *see United States v. Logan*, 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020) ("Defendant cannot meet his

---

[1] Defendant asserts that he "is not well and the [BOP] has not even tested again to see if he has recovered" (Doc. 942 at 2), but provides no medical records or other evidence showing that he continues to experience symptoms from COVID-19.

7

burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted – and beaten – the virus."); *United States v. Newman*, No. 3:17-CR-00448-BR, 2021 WL 2593763 (D. Or. June 24, 2021) ("[T]he Court finds persuasive the reasoning in the above cases regarding individuals who contracted and recovered from COVID-19. . . . [T]he Court concludes Defendant has not established an extraordinary or compelling reason for compassionate release[.]") (citations omitted); *United States v. Stukes*, No. 7:05-CR-140-FL, 2020 WL 6567134, at *3 (E.D.N.C. Nov. 9, 2020) ("[T]he hypothetical possibilities of reinfection and developing severe complications if reinfection occurs – where such complications did not develop with [Defendant's] first infection – are too remote to satisfy the extraordinary and compelling circumstances test."); *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *2 (D. Ariz. May 29, 2020) ("Defendant had a mild case of the virus and has recovered. There is no evidence that the circumstances surrounding Defendant's health or treatment are extraordinary or compelling. Arguments . . . that Defendant could suffer reinfection are not persuasive and the Court will not speculate about these possibilities.").

Additionally, Defendant has received two doses of the Moderna vaccine. *See* Doc. 940-1.[2] According to the CDC, "authorized vaccines in the [United States], including the Moderna vaccine, 'are highly effective at protecting vaccinated people against . . . severe COVID-19.'" *United States v. Upshaw*, No. 1:14-CR-00256, 2021 WL 2417012, at *1 (E.D. Cal. June 14, 2021) (quoting CDC, *Interim Public Health Recommendations for Fully Vaccinated People*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully vaccinated-guidance.html)); *see United States v. Bongiorni*, No. CR16-109RSL, 2021 WL 2413348, at *4 (W.D. Wash. June 14, 2021) ("Courts in this circuit have found that a defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release") (citations omitted); *United States v. Cortez*, No. CR-18-00858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) ("The Court cannot conclude, particularly

---

[2] Defendant refused the booster shot that was offered to him. *See* Doc. 940 at 3.

in light of his vaccination, that Defendant's current exposure to COVID-19 presents 'extraordinary and compelling reasons' to justify his release."); *United States v. Chillemi*, No. CR-03-00917-001-PHX-DJH, 2022 WL 124559, at *3 (D. Ariz. Jan. 13, 2022) ("[T]he Court notes that the Defendant has exercised self-care by obtaining the Moderna vaccination, which . . . diminishes the effects of [the virus] if contracted.").

### 4. Defendant's Confinement at FCI Phoenix.

Defendant asserts that "the BOP's response to COVID-19 has been inadequate and proven ineffective at FCI Phoenix." Doc. 941 at 2. But FCI Phoenix currently reports only one active case among inmates and staff. *See* Federal BOP, *COVID-19*, https://www.bop.gov/coronavirus/; *see also* Doc. 933 at 4 (noting that "[a]s of January 3, 2022, BOP reports zero active cases among incarcerated persons at FCI-Phoenix"); *United States v. Arthurs*, No. 2:18-CR-188-2, 2022 WL 796752, at *7 (W.D. Pa. Mar. 16, 2022) ("Arthurs' risk of contracting a severe case of COVID-19, *i.e.* her extraordinary and compelling reason for release, is made far less considerable by . . . the fact that cases of COVID-19 at FCI Phoenix are low at the present time"). Defendant's confinement at FCI Phoenix does not warrant compassionate release.

### 5. Summary.

Defendant's "previous recovery from the [COVID-19] virus, his current vaccinated status, the effective management of his health conditions by BOP medical personnel, and FCI Phoenix's efforts at controlling the spread of COVID-19, taken together, undermine any finding that this Defendant presents extraordinary and compelling reasons for his release." *United States v. Dennison*, No. CR 09-402 (NLH), 2021 WL 5630296, at *3 (D.N.J. Dec. 1, 2021).

## B. The Section 3553(a) Factors.

The Court also must consider whether the applicable § 3553(a) factors permit Defendant's early release. § 3582(c)(1)(A). The § 3553(a) "factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges

9

established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

Defendant and his codefendants engaged in very serious criminal conduct – a large drug trafficking operation that robbed its victims with firearms. One of the robberies resulted in a person's death. *See* Doc. 167 at 18 (Count 35); Doc. 732 ¶ 10; PSR ¶¶ 30-31. Defendant pled guilty to that crime in exchange for the dismissal of more than 20 other serious charges. *See* Docs. 727, 732. To date, Defendant has served less than 10 years of his 13-year sentence, and he has another 21 months at BOP before his November 20, 2023 projected release date. *See* Doc. 940 at 5; Federal BOP, *Find an inmate*, https://www.bop.gov/inmateloc/.

Defendant's good behavior and rehabilitation efforts while incarcerated are commendable. *See* Docs. 932 at 4-5, 940 at 3, 942 at 2-3. But releasing him from prison at this time would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to criminal conduct. *See United States v. Tuitele*, No. CR 13-00593 JMS, 2020 WL 5167527, at *4 (D. Haw. Aug. 31, 2020) ("Reducing Defendant's sentence to time served, given the nature of his offenses, would severely undermine the goals of sentencing set forth in § 3553(a)(2). And this conclusion would not change when considering Defendant's post-offense conduct.").

### C.     Danger to the Community.

Defendant also has failed to show that he no longer is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2); *see* Docs. 941 at 3, 942 at 2-3. Defendant was a member of a drug trafficking organization that used firearms to steal large quantities of drugs. Defendant also has a lengthy record of criminal conduct, with prior convictions for drug possession, thefts, assault, and criminal damage. *See* Doc. 940 at 15; PSR ¶¶ 84-94. Although Defendant has made efforts to rehabilitate himself while incarcerated, the Court cannot conclude that he no longer poses a danger to the community

if released early. *See United States v. Clayton*, No. CR-17-08245-001-PHX-DGC, 2020 WL 7404637, at *5 (D. Ariz. Dec. 17, 2020) (same where the defendant had used a firearm during a drug trafficking crime); *United States v. Hickles*, No. CR18-0015-JCC, 2021 WL 425194, at *2 (W.D. Wash. Feb. 8, 2021) (finding that the defendant would present a danger to the community upon release where "[t]he nature and circumstances of [his] offenses were very serious, including the extent of his drug trafficking operation and the arsenal of dangerous weapons he unlawfully possessed"); *United States v. Rivera*, 509 F. Supp. 3d 13, 17 (W.D.N.Y. 2020) (denying compassionate release because "[d]rug traffickers possessing firearms constitutes especially dangerous activity and it unfortunately generates a significant amount of violence"); *United States v. Berry*, No. 3:01-CR-00002-FDW, 2020 WL 5914522, at *3 (W.D.N.C. Oct. 6, 2020) (finding that the defendant posed a danger to the community because his conviction for using a firearm during a drug trafficking crime resulting in death "show[s] that he was engaged in a highly violent lifestyle that endangered the lives of others").

**IV.   Conclusion.**

Because Defendant has not shown extraordinary and compelling reasons, and release at this time would not serve the purposes of § 3553(a), the Court will deny his motion for compassionate release.[3]

**IT IS ORDERED** that Defendant's motion for compassionate release (Doc. 932) is **denied**.

Dated this 28th day of March, 2022.

David G. Campbell
Senior United States District Judge

---

[3] Defendant's alternative request that the Court allow him to serve the remainder of his sentence on home confinement (Doc. 932 at 5) is denied because the "[BOP] has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Gago*, No. 1:16-cr-00123-DAD-BAM-3, 2021 WL 2550864, at *8 n.8 (E.D. Cal. June 22, 2021) (citation omitted).